FILED - USDC - FLMD - JAX
FEB 25 2025 PM1:19

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**LAQUANDA THOMAS**
**Plaintiff,**

**v.**

**TRANSWORLD SYSTEMS INC.**
**Defendant.**

**COMPLAINT**

**CASE NO.** 3:25-cv-196-MMH-LLL

## COMPLAINT AND JURY DEMAND

Plaintiff, Laquanda Thomas, files this Complaint against the named Defendant, Transworld Systems Inc. and a jury trial is demanded. Plaintiff respectfully alleges the following:

## I. INTRODUCTION

1. This is an action for actual and statutory damages and costs of the action brought by the Plaintiff, Laquanda Thomas, an individual consumer, against Defendant Transworld Systems Inc. (hereinafter TSI) for violations of the Fair Credit Report Act (FCRA) 15 U.S.C § 1681 et seq., the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq, and the Florida Consumer Collection Practices Act (FCCPA) § 559.55 et seq.

## II. JURISDICTION AND VENUE

2. This Court has federal question jurisdiction as this case is brought under the FCRA 15 U.S.C. § 1681p, FDCPA 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 because

the complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367 for related state claims.

3. Venue is proper before the court pursuant to 28 U.S.C. § 1391(b)(2), wherein a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, where the Plaintiff resides, and or where the Defendant transacts business.

## III. PARTIES

4. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and the Florida Consumer Collection Practices Act § 559.55(8) (FCCPA).

6. Plaintiff is allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for family, personal, or household purposes.

7. Defendant is the term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(b).

8. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6) and FCCPA § 559.55(7).

9. Upon information and belief, TSI has a principal place of business that is located at 500 Virginia Drive, Suite 514 Ft. Washington, PA 19034, and is authorized to do business in

the state of Florida.

10. TSI collects consumer debts using the mail, telephone, and other instrumentalities of interstate commerce. TSI regularly attempts to collect consumers' debts allegedly due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

## IV.   FACTUAL ALLEGATIONS

11. On October 9, 2024, the Plaintiff received an adverse action notice for an auto loan and was subsequently denied financing due to information reported on her Experian credit report.

12. This denial lead the Plaintiff to obtain her Experian and Equifax credit reports and noticed multiple inaccuracies reported by the Defendant TSI.

13. TSI was reporting the Original Creditor on Experian and Equifax as San Sherri Apartments. However, Plaintiff has never been a resident of San Sherri Apartments and therefore that information is factually inaccurate.

14. TSI was reporting an Original Balance of $8, 846.00 and a past-due balance of $6, 415.00 to Experian and Equifax. However, Plaintiff has never had an original balance of $8, 846.00 with San Sherri Apartments. Plaintiff has never been a resident of that apartment community. Furthermore, Plaintiff had not made any payments towards the original balance to have a past due balance of $6, 415.00 and disputes the legitimacy of

the original and past due balances reported.

15. On or about November 10, 2024, Plaintiff disputed the TSI account with both Experian and Equifax through the online dispute portal on each agency's website and also uploaded a written dispute letter as well. **(Exhibit A & B)**

16. On November 25, 2024, TSI sent Plaintiff a letter that stated, **"...please be advised that we have requested that the information furnished by TSI to one or more credit reporting agencies about this account 1481234 TSIM be updated to include your Dispute."** This letter indicates that the Defendant received the Plaintiff's dispute from Experian and Equifax. TSI also included a Move Out Statement from the original creditor, Bowden Road Housing LTD DBA Bennet Creek. This statement does not include an original balance of $8, 846. **(Exhibit C)**

17. According to the Move Out Statement provided by TSI to Plaintiff the beginning balance was $2, 910.89. To report an original balance to the credit reporting agencies of $8, 846 would be factually inaccurate. **(Exhibit D)**

18. According to the letter TSI sent to Plaintiff the creditor was listed as Bowden Road Housing LTD DBA Bennet Creek as the creditor and not San Sherri Apartments. To report the original credit as Shan Sherri Apartments would be factually inaccurate.

19. TSI had knowledge of the correct creditor and balances according to their own business records that TSI obtained from the creditor and verified inaccurate information on the Plaintiff's Experian and Equifax reports.

20. On or about December 20, 2024, Plaintiff received her investigation results from Experian Report Number 0026-093392 and Equifax Confirmation Number 4343546885. **(Exhibit E & F)**

21. TSI had full knowledge from its own records that the information being reported was false, yet it recklessly verified the false information when notified of the disputes.

22. This failure to correct the inaccurate reporting was not an isolated event but reflects a systemic failure by Defendant to follow federally mandated procedures.

23. Defendant, TSI verified the inaccurate information as accurately reporting to Experian and Equifax.

24. The investigation results still contained inaccuracies that TSI failed to update or modify to Experian and Equifax in compliance with the FCRA duties of furnishers of information.

25. TSI failed to review the Plaintiff's dispute and all relevant supporting documents.

26. TSI failed to report the results of the investigation to Experian and Equifax. Verifying identity-based information or code transmissions through the e-oscar system to establish account ownership does not constitute an investigation. Therefore, no actual investigation was conducted and no results were reported.

27. TSI failed to report the results of the investigation to all other consumer reporting agencies that were furnished with inaccurate information.

28. TSI failed to correct or delete the inaccurate information on Plaintiff's Experian and

Equifax credit reports.

29. TSI failed to conduct a reasonable investigation after receiving Plaintiff's dispute from Experian and Equifax and failed to modify the inaccurate information accordingly causing the Plaintiff emotional distress and injury to her creditworthiness.

30. TSI communicated credit information that it knew to be false to Experian and Equifax when it verified inaccurate information including the name of the creditor and the original balance in violation of the FDCPA and FCCPA

31. Respondent's actions were willful and negligent in nature due to the absence of a proper investigation, which, if conducted, would have resulted in the discovery of the inaccuracies and their subsequent modification with Experian and Equifax.

## IV. FIRST CLAIM FOR RELIEF
## Violations of the FCRA 15 U.S.C. 1681s-2(b)

32. All preceding paragraphs are re-alleged.

33. Defendant TSI violated 15 U.S.C. 1681s-2(b)(1)(A) by failing to conduct a reasonable Investigation from disputes received from Experian and Equifax.

34. Defendant TSI violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review the dispute and all relevant documents in support of the dispute from Experian and Equifax.

35. Defendant TSI violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency.

36. Defendant TSI violated 15 U.S.C. 1681s-2(b)(1)(D) by failing to report the results of the investigation to all consumer reporting agencies that were furnished with the information.

37. Defendant TSI violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify or delete the inaccurate information from Experian and Equifax.

38. Defendant TSI has caused injury-in-fact to Plaintiff by causing emotional and mental distress, increased anxiety, and credit damage.

39. At all times alleged herein, Defendant TSI acted negligently and willfully.

40. Defendant TSI is liable to Plaintiff for damages and cost of the action, pursuant to 15 U.S.C. §1681n. and 15 U.S.C. §1681o.

## V. SECOND CLAIM FOR RELIEF
## Violations of the FDCPA 15 U.S.C § 1692e(8)

41. Plaintiff re-alleges and incorporates by reference the paragraphs above.

42. Defendant TSI violated 15 U.S.C. § 1692e(8) by communicating credit information to credit reporting agencies with knowledge that the information was false.

43. At all times alleged herein, Defendant TSI acted negligently and willfully.

44. Defendant TSI is liable to Plaintiff for damages and cost of the action, pursuant to 15 U.S.C. §1692k.

## VI. THIRD CLAIM FOR RELIEF
## Violation of the FCCPA § 559.72(5)

45. Plaintiff re-alleges and incorporates by reference the paragraphs above.

46. Defendant TSI violated § 559.72(5) by disclosing to a person other than the debtor or her family information affecting the debtor's reputation, whether or not for creditworthiness, with knowledge or reason to know that the information is false.

47. At all times alleged herein, Defendant TSI acted negligently and willfully.

48. Defendant TSI is liable to Plaintiff for damages and cost of the action, pursuant to §559.77(2).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Laquanda Thomas, respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Transworld Systems Inc., for the following:

   a. Judgment for violations of the Fair Credit Reporting Act:

   1. 15 U.S.C. §1681s-2(b)(1)(A)

   2. 15 U.S.C. §1681s-2(b)(1)(B)

   3. 15 U.S.C. §1681s-2(b)(1)(C)

   4. 15 U.S.C. §1681s-2(b)(1)(D)

   5. 15 U.S.C. §1681s-2(b)(1)(E)

   b. Actual or statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A).

   c. Punitive damages as the court may allow pursuant to 15 U.S.C. §1681n(a)(2).

   d. The costs of the action pursuant to 15 U.S.C. §1681n(a)(3).

   e. Any actual damages pursuant to 15 U.S.C. §1681o(a)(1).

   f. The costs of the action pursuant to 15 U.S.C. §1681o(a)(2).

   g. Judgment for violating 15 U.S.C § 1692e(8) of the FDCPA.

   h. Actual damages pursuant to 15 U.S.C § 1692k(a)(1).

i. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(A).

j. Costs of the action pursuant to 15 U.S.C § 1692k(a)(3).

k. Judgment for violating § 559.72(5) of the FCCPA.

l. Statutory and actual damages under FCCPA §559.77(2).

m. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

Laquanda Thomas
1712 Silver Street
Jacksonville, FL 32206
myinfo2025@yahoo.com