United States District Court
Middle District of Florida
Jacksonville Division

**LAQUANDA THOMAS,**

    **Plaintiff,**

**v.**                                                      **NO. 3:25-CV-196-MMH-LLL**

**TRANSWORLD SYSTEMS INC.,**

    **Defendant.**

### Report and Recommendation

This cause is before the Court sua sponte. Plaintiff initiated this action on February 25, 2025, by filing a complaint. Doc. 1. On the same date, plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which the Court construed as a motion to proceed in forma pauperis. On April 24, 2025, the Court denied plaintiff's motion, *id.*, directing the plaintiff that "[o]n or before May 23, 2025, plaintiff shall either submit an amended complaint that sets forth the factual bases for his claims and submit a renewed application to proceed without prepayment of fees or costs; or pay the filing fee." Doc. 4 at 8. The Court further cautioned plaintiff that "[f]ailure to comply with the above deadline may result in a recommendation that the action be dismissed." *Id*. To date, plaintiff has failed to respond.

As a result, the Court issued an Order to Show Cause, which directed plaintiff on or before June 11, 2025, to either: "(1) submit an amended complaint correcting

the deficiencies identified by the Court's Order, doc. 4, and submit a renewed application to proceed in district court without prepaying fees or costs (Long Form) or (2) pay the appropriate filing fee. Additionally, plaintiff shall show cause in writing why her case should not be dismissed for lack of prosecution." Doc. 6 at 2. To date, plaintiff has not responded to the show cause order, either.

Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Local Rules of the United States District Court for the Middle District of Florida. I find plaintiff's lack of response to the Order to Show Cause constitutes a failure to demonstrate due diligence and just cause for delay and recommend that the case be dismissed.

### Recommendation

I respectfully **recommend**:

1. This case be **dismissed without prejudice** for failure to prosecute under Local Rule 3.10, Local Rules of the United States District Court for the Middle District of Florida; and
2. the Clerk be directed to terminate all pending motions and **close** the file.

**Entered** in Jacksonville, Florida, on June 16, 2025.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
The Honorable Marcia Morales Howard, Chief United States District Judge
LaQuanda Thomas, pro se plaintiff
    1712 Silver St.
    Jacksonville, FL 32206

## Notice

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.